We have four argued cases this morning. The counsel for the first two should be aware that we intend to only hear argument in the first of those two since they are word for word identical. You can proceed, Mr. Cantor. You are reserving three. Correct. Good morning, Your Honors. My name is Mark Cantor and I'm here on behalf of the appellant, GEMSA. Mr. Cantor, throughout the blue brief, GEMSA refers to Expedia and TripAdvisor as petitioners. For example, the Amazon customers listed as petitioners. But that's simply not true. Correct. That was an error. Okay. What's your obligation as an attorney to correctly present facts to this case? I think in the reply I mentioned that we were wrong. You didn't actually mention that you were wrong. You started referring to the parties using different labels, but I didn't see anything where you admitted that you were wrong. I think it was in the footnotes in the brief that we had confused that they should be treated the same. We're sorry for any confusion. That's on footnote two on page three. I don't know how to answer the question other than that. It was an error, Your Honor. I'm certainly wrong. Absolutely. It certainly didn't make our preparation for this case any easier. Nope. Trying to figure out who you were talking about. I agree, Your Honor, and I apologize to the court. So the real question here, I gather, is whether or not Amazon should have been named as a real party in interest? I think the question is not whether they should have been named. The question is whether they are. Well, whether they are. Yeah. It's a slightly different. Whether they are, they are. Right. Okay. All right. So in order to make under the world case, your motion to terminate has to do more than just say, I think Amazon is a real party in interest, right? Of course. You can't just say that. So I've got a copy of the motion to terminate here in front of me, and I see then two places you say the bare allegation, petitioners failed to identify Amazon as a real party in interest. I'd like you to go through the motion to terminate and point out where there is some putative evidence that Amazon is a real party in interest in this proceeding because of its conduct with regard to this proceeding. I want you to exclude all of the conduct of Amazon or anybody else in Virginia or in Texas for purposes of the hypothetical as irrelevant. Do you have any, is there anything in the petition you can point me to that averts conduct of Amazon with regard to these IPRs? Yes. We said in the petition that Amazon is a real party in interest. Would you get your petition out and get the language for me? 2357, volume one. I've got the actual. I do too. I just printed a clean one out for you. Okay. So the question is what conduct of Amazon with regard to the IPRs, not with regard to Texas or Virginia? Okay. Your Honor, I don't believe there is anything in the record below that Amazon drafted the IPR or controlled the IPR. Okay. I don't believe that. I think what we said was. Under the Taylor factors, is there any evidence under any of the Taylor factors of conduct of Amazon with regard to the IPR proceedings? Just what they said to the court below. Is the answer to that no, correct? I do not believe that. So in the petition. There is nothing in the petition itself. And I think as a fact, there are no facts that Amazon actually wrote the IPR or controlled the IPR. Is it undisputed that there are no facts in the record that would support naming Amazon as a real party in interest for its conduct in these proceedings? I do not agree with that. Is all of your evidence is with regard to Amazon expedient other people's participation in either Virginia or in Texas? And in this particular proceeding. Pardon me? And Expedia's participation in this proceeding. Expedia is a real party in interest in this proceeding. Expedia was named as a real party in interest. Correct. So what? They were named. Why does that mean Amazon has to be named? Amazon took over for Expedia one week after the IPRs were filed and before institution. Amazon stood in the shoes of Expedia. Where? What do you mean where? Where? Where? Yeah. In the IPRs? Yeah. Amazon, it's in the declaration of Mr. Shearer, which is attached to our motion. He said that Amazon counsel took over the case, okay, after the IPRs were filed. Took over the IPR involvement on behalf of Expedia or took over involvement in Texas litigation on behalf of Expedia? Everything on behalf of Expedia. There was no limitation. It's that Amazon took over Expedia. Okay. And Expedia was named as a real party in interest, provided some money, I guess, to the petitioners. Correct. But did not, there's, I think that there's, it's undisputed that they had no control over the IPR. There's nothing in the record. That's correct. Can I ask you something else? It's related to what Judge Clevenger asked you. I read your motion to terminate before the PTAB. And the way I read it was that it's primarily saying, the main theory that you have is that the parties that were named as a real party in interest to the IPRs, that those parties are in fact parties in the DJ action. And because they're in fact parties to the DJ action, 315A applies. What I don't see in your petition is an argument that Amazon is a real party in interest to the IPRs and therefore 315A applies. I see it on one page in two sentences. I think that it's page 2371. But I don't see an analysis that goes with that. I see something that says, and also establish Amazon and its customers as RPIs. I also see something that says the actions of these parties establish that Amazon and its customers are RPIs. But those are, there's no discussion of the Taylor factors with respect to whether Amazon is an RPI to the IPR. Yeah, I'm not going to sit here and tell you that the petition wasn't as good as it could be. It's not a petition, it's a motion to terminate. I'm sorry, a motion to terminate. But it's important because you had the burden of proof and you took a particular theory, a different theory, and now you're arguing a totally different theory on appeal. So to tell me that it's not that good isn't going to answer my question or alleviate my concerns. I really think that you need to tell me where it is that you argued that Amazon was an RPI in the IPR. I think that if you look at the exhibits and the argument, we talk about what they told the court, and that they told the court that Amazon was the real party in interest. Where? Where's that in there? It's attached as exhibits. We've got the record here. You're saying in Texas, you've got to be clear here. You're saying that they, being the Amazon customers, told the Texas court that Amazon was the real party in interest. Correct, in Texas. But that doesn't go to the theory. I mean, maybe it does, but I don't see where you set forth a theory and an argument for why Amazon is a real party in interest to the IPR. So, like I said, the theory that you have here is a different one. Yeah, the theory that we're primarily saying is that Amazon was acting as a proxy for the Amazon customers by filing the DJ. They filed a DJ in Virginia. The Amazon customers said Amazon's the real party in interest to this. I'll tell you the exact language they used. All the parties, including Booking.com, who's a petitioner, and what they filed in Texas. Are you talking now about what's going on in Texas? I'm sorry. You're talking about what's going on in Texas? Correct. Why does that have any bearing at all? Because in Texas, when you're sued for infringement, you have a choice. You have a choice. You can stay in the court and litigate it, or you can do an IPR. The Texas lawsuits were brought by you. You were the plaintiff in Texas, right? Absolutely. So the defendants have a choice if they want to challenge validity. They can go to the patent office by filing an IPR within one year. And you did not name Amazon as a defendant? We did sue Amazon there. In Texas? Yeah. See, this is where they're wrong on the record. They listed the Amazon case as a related case in their petition. JEMSA versus Amazon in Texas for infringement. What's the chronology on that? When was Amazon sued? Amazon filed the DJ in Virginia, and a few days later, they were sued in Texas. That's their motion to transfer it back. So just so I have an understanding, JEMSA sued... But Amazon did not file the IPR, right? Correct. Well, they didn't file the IPR. They did not. And your argument is somebody else filed it on behalf of Amazon? What I'm saying is Amazon is... See, that's the test that I think the patent office... There's no evidence of that. No, I agree, but I'm not saying that. I'm saying that they are the real party in interest with respect to this IPR. Why? It's all... You can't point to a single item of behavior under the relevant factors of Amazon's behavior vis-a-vis the IPR proceeding. Well, I find... I personally find... You said that earlier. No, I agree, but... You have no evidence... Right. I'm not saying they do, but having someone else file an IPR, okay, on the dispute where you say you're the real party in interest... So it's a catch... Well, they're the real party of interest in another case. Is there a real party of interest in all this? If eBay and... Everyone who has an interest in having the patents invalidated... No, that's not the law. Why not? How do you define them, then? Under the Taylor factors? Like I said, I really have doubts whether you presented this argument below. I understand. And I do think that their relationship in the Texas case can matter, okay? But I don't see where it's argued here. No, I understand that. But what I want to know is why don't you walk through some of the Taylor factors with Amazon? So you say they have an interest. That's one. What is their relationship with the actual petitioners? With respect to the actual petitioners, the only petitioner that could potentially be involved is Booking.com. Booking.com filed a motion in Texas saying that Amazon is the real party in interest, okay? Okay, they don't have a real relationship. But you think that because of the way Booking.com went to Texas and explained that all the infringement allegations against us are based on Amazon's product, that that makes it so there's some sort of relationship between Booking and Amazon? Absolutely. All I know is you've got Booking.com, Amazon, and Expedia telling the Texas court, hey, Amazon's the real party in interest. Validity should be decided in Virginia. We know the facts. We know the facts. Let me ask you something, okay? So my question is this. Now, later, GEMSA realized that Booking actually wasn't an Amazon customer, right? I believe that's on the record, yes. Do you know when those infringement allegations were modified? This is what I can't understand from the record. Booking files their motion to stay saying that Amazon, it's all about them, okay? GEMSA responds saying, no, it's not. Booking isn't doing it. GEMSA, Booking replies and says it's the same thing, that Amazon, the case will be decided by Amazon in Virginia. So it's very confusing. When the judge stated the case, he specifically treated Booking.com as an Amazon customer, okay? So I'm not sure exactly what's going on with Booking.com, but there is a filing by GEMSA which said that they are not accusing Booking.com of using Amazon technology. Right. But that was in between. Undisputed on this record that Booking is not an Amazon customer. I think they're saying that they're not using Amazon technology. They have been involved with Amazon, but not with respect to the patent. Apparently Amazon has different services. For purposes of this case. Yeah. So I think, you know, my time's almost up, but. Yes, it is. Yeah. In any event, Your Honor, I think the main thing is that I think when you talk about the interest, the real part of the interest. This is your response time you're using now. Okay. Then I'm going to sit down. Do you want to reserve the rest? Oh, yes. I'll sit down. We'll give you two minutes. No, no. Are you breaking up your argument? We are. I will do 11 minutes and then Mr. Ramos will do four. Okay. I think the court hit the issue correctly in the first question it asked, which is the difference between petitioners and RPIs is important here. The petitioners are the parties that file the IPR. They control the IPR. They have the right to make arguments. They have the estoppel effects. They can control appeals. RPIs are listed parties that are different from petitioners, and I think the questions the court asked drove at that point. And here, as Mr. Cantor admits, none of the petitioners have any relationship whatsoever with Amazon. Can I ask you this other question that I was asking about their motion to terminate? Sure. You know, the motion to terminate seems to me to only go to trying to show that Expedia, for example, and booking were parties to the declaratory judgment action in Virginia. Correct. And that's the only issue the board addressed in its opinion. Do you agree with my characterization? I do. I think the way that the argument was presented to the board, the board responded to it, and I think in the Western GECO case this court actually said that's appropriate. In that case it dealt with a control argument. That was the focus of the arguments below. So the board was responding to the arguments GEMSA presented in its motions. Should we treat the decision by the board on the motion to terminate with regard to the question of whether or not Amazon should have been named a real private interest with the sub-soletio of the board saying, well, they didn't meet the first test under World? Insufficient pleading. Sure. I think, well, so first and foremost, I think the World. Because there are a couple of sentences or a couple, I found two points in the motion where they say flat out Amazon should have been named. Correct. And I think the board does a little bit talk about Amazon as well. If you look, for example, at appendix 3491, which is in the board's first decision on this issue, it was paper number 58 in the joint captioned proceedings. At the top of that page, the board does talk about the fact that GEMSA has not shown that anybody relinquished control to Amazon. So the board was aware of the Amazon issue. And I think in our briefing as well, if I'm recalling in the red brief at page 47, we quoted some colloquy with the board during a phone call, which is of record, where the board is asking GEMSA's counsel almost the exact questions this panel just asked, which is, what evidence do you have that Amazon had any control over these proceedings at all? So I think the board was aware of the issue and responded in the order to the motion as presented. But the board was familiar with what the issue was and kind of drove this point home during the period before the motion was filed. Does that answer the question? So I do think it's important, again, to keep in mind that the petitioners and the RPIs are different analyses. And this court's precedent makes clear that the important analysis is, what's the relationship of an alleged RPI to a petitioner with respect to the petition? So in AIT, for example, at 897 Fed Third 1349, this court posed the question, just how close must the relationship between the real party and interest and the IPR petitioner or the petition be? So I think the court's questions that focus on the fact that the DJ actions are almost irrelevant to whether there's an RPI in the PTAB is exactly what's been contemplated by the AIT. Almost irrelevant or irrelevant? I think it's irrelevant. Why do you say almost? I think that... Something worries you about the DJ action? I think in certain situations, if there was a DJ where the parties were found to be in some kind of relationship outside of simply a customer being protected by a vendor, I could envision a situation where facts might support a better RPI argument. But here, I think it's completely irrelevant. There's nothing in the record, as Mr. Cantor concedes, that Amazon had anything to do with anybody other than defiled DJs. Would you agree that the outcome would be different if Expedia, for example, in fact, were a petitioner? I mean, wouldn't then Amazon would be a real party and interest, right? I don't think so. I think certainly... Why not? Because there's no evidence that Amazon had anything to do with Expedia's actions in the PTAB. But wouldn't they have a relationship and Amazon's agreed to identify Expedia? I mean, that's not the situation you have here, but I'm surprised you wouldn't at least concede there that there'd be a colorful argument. I think there's a better argument. I don't think it's an argument that results in Amazon being an RPI. First of all, I don't think there's any relationship... Control. What's that? Your argument there is control. Right. I think control is an important one. I was going to say there's no relationship in the record between Amazon and this proceeding at all. And so we're not dealing with 315B, which talks about privity. We're dealing with 315A1, which is only RPI. You're saying in that example there would have to be some evidence that Amazon funded it or that provided some control, maybe an identification agreement that said that Amazon was going to be the one who's taking control over all litigation aspects, something like that? Correct. And even I think the case law says that funding in and of itself is not sufficient. So it would really have to be something that I think approaches control, which we don't have in the record here at all. Which is what RPI is about. Right. Agreed. So I think that's where we come out with the Amazon issue. I thought I'd mention just the standard review to the questions about what the board did. This is a substantial evidence question in our mind. The board applied the arguments GEMSA made. Their finding was supported by substantial evidence. I don't think there's any reason to upset that. I also wanted to make it clear to the panel, I'm sure it came through in the briefing, but this was not a motion that was filed out of the blue. We engaged in substantial back and forth with the board and with GEMSA, providing voluntary discovery, everything they asked for we gave them. So the lack of evidence here is not because it wasn't produced, it's because it didn't exist. After the board issued its decision, which really primarily focused on whether those Amazon customers were parties to the declaratory judgment action, did either party go back to the board and ask for clarification on that point or ask for more of an express ruling on whether Amazon was a real party in interest? No, in fact, the next time the board heard about the RPI issue was post-AIT and post-final decision when GEMSA went back and said, hey, there's been a change in the law, we'd like to refile our motions under the new law. But we didn't go back. In our view, it was because the board addressed the arguments that GEMSA had made appropriately for the way that they were made. And then you had referred us earlier to page A3491, as where you thought that maybe the board had touched on whether Amazon was a real party in interest. I, unfortunately, wasn't able to move through the appendix as quickly, and I don't know which sentence were you particularly relying on. So, for example, the board, in the sentence that starts on page 3490, is quoting an argument that Pat Noehner made, where Pat Noehner's arguing that there's been control relinquished to Amazon.com. Yeah, but it starts with the Taylor factors versus finding these parties to be real parties in interest. Right, I think GEMSA... If you look at what their argument there, they're saying the real party is in interest to the territory judgment action. Right, but my point is I think the board was considering the Amazon-related arguments that GEMSA had made. Where do I draw out of 3491 that the board was focusing on the question of whether Amazon by itself should have been named IPR? That's what I thought you were citing 3491 for. Oh, I apologize. I was simply saying the board understood, I think, what it was GEMSA was arguing with regard to Amazon, and I think this panel's questions are correct. GEMSA's making a different argument here, but in the PTAB, GEMSA's primary argument was that Amazon should have been... Control was ceded by Expedia to Amazon, and therefore Amazon was improperly omitted from the RPI listing. Unless the panel has further questions, I have nothing more. Your co-counsel can have your time. I assume you're ceding it. Yes, absolutely. Good morning. May it please the court. My name is Kerry Ramos. I'm here arguing on behalf of all the petitioners, but below I was representing Alibaba, and I'm going to be very brief. Do you have an interest that deviates from eBay's? We do not, nor do we have an interest that deviates from Booking.com. So you're just sharing some argument to me. That's correct. As I said, I'll be brief. If the court has any further questions, I can answer them. I just wanted to make two points here. In the applications and Internet time case, this court distilled the question of what is an RPI to an issue as to whether a non-party, quote, desires review of the patent and whether a petition has been filed at the non-party's behest. First of all, the evidence below, there were representations below, and there was also evidence, because discovery was granted, there was specific evidence that this petition was not brought at the behest of Amazon or with any influence from Amazon whatsoever. But I would also make the second common sense point. If the suggestion is that Amazon was somehow behind this petition, behind the scenes, even though there's no evidence in the record that it somehow should be, we should imagine there's some collusion that went on behind the scenes, that would have made absolutely no sense. Why would Amazon create a 315A problem by filing a DJ action and then filing or having somebody at its behest file the IPRs, creating a 315A1 problem, which it could have avoided simply by reversing the order if Amazon is the puppet master  People make mistakes. Pardon me? As your adversary counsel admitted in this case, he made some mistakes in his blue brief, naming, giving people the wrong names. Lawyers make mistakes. Yes, Judge Clevenger, but if they made a mistake, that's their mistake. It's not the petitioner's mistake. It's not a mistake attributable to the petitioner's or to the RPI's in this case. That's a red herring. I have nothing further. If the court has any further questions, I'd be happy to answer them. No questions. No. Thank you. Thank you, counsel. Mr. Kandrew, you have two minutes. Thank you, your honors. This court decided five cases after the motion to terminate. They did change the law regarding this. The court below, the panel below just looked at control We asked, can we brief this? You have five new cases. It changes the standard. They never let us brief it. Period. This is our first opportunity to brief this new case law. Period. We did not have a chance to do it below, and we should have had on this record. Well, that's talking about the merits. The merits of the case. As applied to the case law. Under Laurel, you don't get to argue the merits unless you cross the threshold. I think, see, this is what I don't understand. You've said in your brief it's a question of law. The facts are not, no facts are in dispute. You have brought forth no evidence, I mean zero, no evidence of any conduct by Amazon with regard to the IPRs. I don't, see, this is where I have, I don't agree. How can you say that you possibly passed muster under Laurel to get to the merits? I think the estoppel issue. Pardon me? The estoppel issue. Stop. How do you get? I'm sorry, what? How do you, what's your response? How do you get past the world test, the first test? That's what I'm saying. I'm listening. Okay. They told the court that Amazon was the real party in interest. That should get us over the threshold. You can't tell the court one thing under Rule 11. They didn't say that they were the real party of interest in the IPR. So you can tell two courts different things? Sure. I don't believe that's true. The interest is. What case do you have for that proposition? The estoppel? That if you're a real party in interest in one case, you're a real party in interest in the next. If it's the same interest. And the same interest, according to them, was GEMSA's infringement claims against the Amazon technology. It's in every single one of their briefs. I don't think you can do that. And also, this is very interesting. I didn't find any law. I'll let you wrap it up. I didn't find any law on whether you treat petitioners or RPIs differently in this analysis. And it seems that that's kind of some of the questions we're looking at today. The statute says a petitioner or an RPI files a DJ action. They are treated the same under 315. I don't think they should be treated differently under the new case decisions by this court. Thank you. The matter will stand submitted.